United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1399
_____

United States of America,           *
                                     *
        Appellee,                    *
                                     *    Appeal from the United States
        v.                           *    District Court for the
                                     *    Eastern District of Missouri.
George A. Webster, Jr.,              *
                                     *    [UNPUBLISHED]
        Appellant.                   *

_____

Submitted:  November 7, 1997
    Filed:  November 20, 1997

_____

Before McMILLIAN, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

_____

PER CURIAM.


        A jury previously found George A. Webster, Jr., guilty of conspiring to distribute cocaine base, distributing cocaine base, using a firearm during the commission of a drug-trafficking felony, unlawfully acquiring a firearm, and being a felon in possession of a firearm. He was sentenced to a total of 295 months imprisonment and five years supervised release, which included a 60-month consecutive sentence for the using-a-firearm offense. On appeal, we vacated that firearm conviction based on instructional error, concluding a properly instructed jury might have determined the government's

proof did not establish a violation of 18 U.S.C. § 924(c)(1) as defined in <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995).  <u>See</u> <u>United States v. Webster</u>, 84 F.3d 1056, 1065-68 & n.9 (8th Cir. 1996).  On remand, the government elected not to re-try the firearm count, and requested resentencing.  Upon resentencing on the remaining offenses, the district court[1] enhanced the Guidelines range applicable to Webster's drug offenses by two levels, under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995), based on Webster's possession of a firearm.  On appeal, counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967).  We affirm.

Counsel argues in the <u>Anders</u> brief that Webster should not have been resentenced, and that the government was precluded from seeking the firearm enhancement.  We reject these contentions, because Webster became subject to the enhancement upon reversal of his firearm conviction.  <u>See</u> <u>United States v. Roulette</u>, 75 F.3d 418, 426 (8th Cir.) (noting prohibition against applying firearm enhancement to drug sentence was no longer applicable once firearm sentence was set aside), <u>cert. denied</u>, 117 S. Ct. 147 (1996).

The <u>Anders</u> brief also contains a challenge to the enhancement itself, on the basis that no evidence was adduced at trial showing Webster possessed a firearm while he was in possession of crack cocaine, or during any drug transaction described in the presentence report (PSR).  This argument fails, because the Commission has instructed district courts to apply the enhancement in drug offenses when a weapon was present, unless it is clearly improbable the weapon was connected with the offense.  <u>See</u>

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.3) (1995). Based on our review of the record, we conclude the district court did not clearly err in applying the enhancement. See United States v. McCracken, 110 F.3d 535, 541-42 (8th Cir. 1997) (standard of review). As noted in uncontested paragraphs in the PSR, Webster bought a rifle from a pawn shop in June 1993. Following a January 1994 arrest--one that occurred during the period of the conspiracy--Webster admitted to authorities that he had moved to Cairo, Illinois, for the purpose of selling crack cocaine, and that he kept a firearm under his bed. During a search of his residence, authorities found ammunition for the rifle and other items associated with drug distribution. Authorities later searched another residence in which Webster was present, and found drugs and loaded firearms. Cf. id. at 541-42 (affirming enhancement where firearms and drugs were found in defendants' residence). Moreover, we held in Webster's direct criminal appeal that sufficient evidence supported the section 924(c)(1) firearm conviction, despite the instructional error which required remand for a new trial on that count. See Webster, 84 F.3d at 1067 n.9.

After conducting the review required under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-